# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

BRENT RANDLE PARSONS,

    Plaintiff,

v.

J. MCINTURFF, *et al.*,

    Defendants.

Case No. 2:08-cv-01495-LDG

**ORDER**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1) & (2).

    Broadly construed, Parsons alleges that he was assaulted by other inmates on August 31, 2006, because of the defendants' conduct. Parsons further asserts that he filed a grievance and that the grievance process is completed. Parsons has attached a copy of his CDC 602 Inmate/Parolee Appeal Form, which he dated March 27, 2008. March 27, 2008 is more than a year and a half after the deadline for submission of a Form 602

grievance of an incident occurring on August 31, 2006. Parsons also attached the response of the appeals coordinator, which indicated that the time limits for Parsons to file his appeal of the incident on August 31, 2006, had long expired. Noting the appeals coordinator's response that time had lapsed on his appeal, Parsons argues in his complaint that the "process is considered exhausted for 42 U.S.C. §1983 purpose [sic] and filing."

Parsons is incorrect in his assertion that he exhausted his administrative remedies required by the Prison Litigation Reform Act by untimely filing his inmate appeal, which untimely appeal was rejected by the appeals coordinator as untimely. "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*, at 90. Parsons' complaint establishes that he failed, by more than one and a half years, to timely file his Form 602. Accordingly,

THE COURT **ORDERS** that Brent Randle Parsons' Complaint is DISMISSED.

DATED this 24 day of March, 2011.

Lloyd D. George
United States District Judge

2